FRYE CHEVROLET COMPANY, INC., v. O. J. HOLDER, COLINE S. EDMISTEN AND J. C. EDMISTEN.

(Filed 10 April, 1940.)

APPEAL by plaintiff from *Cowper, Special Judge,* at January Term, 1940, of CALDWELL. No error.

From judgment on verdict in favor of defendant J. C. Edmisten, plaintiff appealed.

*Pritchett & Strickland for plaintiff, appellant.*
*Max C. Wilson for defendant, appellee.*

PER CURIAM. Plaintiff instituted action on a note which it was alleged defendant J. C. Edmisten had endorsed. This defendant denied that he had endorsed the note, or authorized anyone to sign his name thereto. The jury accepted the defendant's version of the transaction and rendered verdict in his favor. On the record, we find no ruling of the court below which would justify setting aside the verdict and judgment. The plaintiff's assignments of error cannot be sustained.

No error.

---

C. E. HILL v. HUGH WINSLOW.

(Filed 10 April, 1940.)

APPEAL by plaintiff from *Cowper, Special Judge,* at November Term, 1939, of PITT.

*J. C. Lanier for plaintiff, appellant.*
*Albion Dunn for defendant, appellee.*

PER CURIAM. The plaintiff alleges that he was riding in a trailer attached to the automobile of the defendant and that the negligence of the defendant, which was the proximate cause of his injury, consisted of said automobile "being operated in a careless, reckless and unlawful manner, and in reckless disregard of the rights and safety of this plaintiff, in that the car was being operated on a narrow and bumpy dirt road at an excessive rate of speed with respect to the condition of the road."

We have examined the evidence offered by the plaintiff and concur in his Honor's ruling that it fails to sustain the allegations of the complaint. The judgment as in case of nonsuit entered at the close of the plaintiff's evidence is, therefore,

Affirmed.

---

## J. L. THOMPSON v. DR. PEPPER BOTTLERS CORPORATION.

(Filed 17 April, 1940.)

APPEAL by plaintiff from *Gwyn, J.*, at November Term, 1939, of IREDELL.

Civil action to recover for alleged actionable negligence.

The pleading and evidence disclose that defendant is a corporation engaged in the business of bottling a soft drink known as "Dr. Pepper," in Charlotte, North Carolina; that it distributes the "Dr. Pepper" in bottles to retail dealers in Mooresville, Iredell County, North Carolina, and elsewhere to be sold for human consumption, for which purpose defendant advertises it as a refreshing and health-giving beverage; that defendant directly or through its agents and employees at the times hereinafter mentioned "sold or left for sale" bottled "Dr. Pepper" with the Tuxedo Billiard Parlor in Mooresville, North Carolina.

Plaintiff further alleges and defendant for lack of information denies that on night of 4 July, 1938, plaintiff, after buying a bottle of "Dr. Pepper" in said Tuxedo Billiard Parlor, drank a part of it and discovered therein a foreign substance and was made sick thereby.

Plaintiff offers evidence tending not only to support the further allegation but tending to show that some time in July, 1938, within five or six days from the time plaintiff purchased the bottle as aforesaid, Floyd Beaver and Corbitt Moore found in a bottle of "Dr. Pepper," bought in the Shell Filling Station at the corner of Main and Moore, something like a piece of meat "as big as the end of your thumb, green looking on one side and black looking on the other," with manufacture and sale of which there is no evidence to connect defendant.

Plaintiff appeals to Supreme Court from judgment as of nonsuit entered at close of his evidence, and assigns error.

*Zeb V. Turlington for plaintiff, appellant.*
*Land & Sowers for defendant, appellee.*